IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN STRACK,                                             No. CIV S-07-0832-LKK-CMK-P

        Petitioner,

   vs.                                                            FINDINGS AND RECOMMENDATIONS

ROSANNE CAMBELL, et al.,

        Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss (Doc. 7) filed July 12, 2007.  Petitioner filed a timely opposition (Doc. 9).[1]  No reply was field by respondent.  Respondent claims petitioner failed to exhaust his state remedies.

        In his petition for a writ of habeas corpus, petitioner claims that the Board of Prison Terms has violated his Due Process rights by failing to use a valid psychological evaluation during his parole hearing on August 24, 2005.  He claims the psychological evaluation that was used was not signed and should not have been used during his parole hearing.

---

[1] Petitioner's opposition is titled a traverse, but it is clear from the document that it was filed in opposition of respondent's motion.

1

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before the federal court can grant a claim presented in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982).

Respondent's motion to dismiss is based on petitioner's failure to exhaust state remedies. Respondent argues that petitioner failed to raise the issue of the Board of Prison Terms using the unsigned psychological evaluation in habeas proceedings brought in the California Supreme Court. In support of the motion, respondent attaches a petition filed in the California Supreme Court with case number S144820. This is the case petitioner attaches to his

federal habeas petition to show exhaustion in the state court. However, case S144820 raises issues regarding the Board of Prison Terms using confidential material to deny petitioner parole, not the use of the unsigned psychological evaluation as raised in the instant petition.

In response, petitioner attached a copy of a California Supreme Court's summary denial of a habeas petition in case number S147428. Petitioner claims that he inadvertently attached the wrong Supreme Court denial to his petition, and that the denial in S147428 is the correct denial showing he exhausted his state remedies on this issues raised in the instant petition. Respondent did not file a reply disputing that the denial of the petition in case S147428 in fact exhausted petitioner's state remedies in this case. Therefore, it does not plainly appear that petitioner has failed to exhaust his state remedies.

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss be denied; and

2. Respondent be required to file an answer to the petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 14, 2007

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE